# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jaysen Alexander Patterson, | Case No.: 2:20-cv-01614-JAD-DJA |
| Petitioner | |
| v. | **Order Granting Motion to Strike and for More Definite Statement, Granting Motions for Leave to File Exhibits Under Seal, and Striking Motion to Dismiss** |
| Calvin Johnson, et al., | |
| Respondents | [ECF Nos. 18, 26, 28, 33] |

Nevada inmate Jaysen Alexander Patterson brings this counseled habeas corpus action under 28 U.S.C. § 2254 to challenge his 2015 Nevada state-court convictions for arson and burglary. Respondents move to dismiss his petition as untimely, unexhausted, or procedurally defaulted.[1] Patterson responds by asking the court to strike the respondents' untimeliness argument and order them to provide a more definite statement of the basis for that challenge.[2] Because respondents have not stated their untimeliness defense with sufficient particularity, I grant the motion to strike and give respondents until February 15, 2022, to file an answer or new motion to dismiss. And because some of the documents that the respondents rely on in their filings contain confidential information, I grant the respondents' motions to seal them.[3]

## I.     Legal Standard and Procedural Background

Patterson had one year from the finality of his judgment of conviction to commence a federal habeas corpus action under 28 U.S.C. § 2254.[4] The state district court entered

---

[1] ECF No. 18.
[2] ECF No. 28.
[3] ECF No. 26; ECF No. 33.
[4] 28 U.S.C. § 2244(d)(1)(A).

Patterson's judgment on May 6, 2015.[5]  The Nevada Court of Appeals affirmed on October 19, 2015.[6]  The conviction became final on January 19, 2016, when the time to petition the Supreme Court of the United States for a writ of certiorari expired.[7]

The time that Patterson spent on a post-conviction habeas corpus petition in the state courts did not count toward the one-year period.[8]  Patterson filed his state petition on May 11, 2016.[9]  The state post-conviction proceedings concluded when the Nevada Supreme Court issued its decision on May 15, 2020,[10] and its remittitur on June 9, 2020.[11]

Patterson dispatched his proper-person § 2254 petition to this court on August 23, 2020,[12] and filed a counseled first amended petition on December 1, 2020[13]—both of which were filed before the one-year period of limitation expired.  Patterson filed a counseled second-amended petition on May 12, 2021, after the one-year period of limitation expired.[14]  So his claims in the

---

[5] ECF No. 19-21.

[6] ECF No. 20-16.

[7] See Jimenez v. Quarterman, 555 U.S. 113, 119–20 (2009), Sup. Ct. R. 13(1).  This date of finality takes into account a deadline that otherwise would have fallen on Sunday, January 17, 2016, and the Martin Luther King, Jr. federal holiday on Monday, January 18, 2016.  Fed. R. Civ. P. 6(a)(1).

[8] 28 U.S.C. § 2244(d)(2).

[9] ECF No. 20-22.

[10] ECF No. 25-15.  This exhibit contains only the Nevada Supreme Court's clerk's certificate and judgment, but Patterson attached the decision to his initial petition.  ECF No. 1 at 24–27.

[11] ECF No. 25-17.  See also Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005) (judgment becomes final and period of limitation resumes upon issuance of remittitur).

[12] ECF No. 1.

[13] ECF No. 10.

[14] ECF No. 16.

second-amended petition must relate back to one of the earlier petitions in order for them to be timely.[15]

## II.  Discussion

### A.  Petitioner's motion to strike [ECF Nos. 18, 28]

Respondents argue in their motion to dismiss that the second-amended petition as a whole is untimely because Patterson filed it after the one-year deadline.[16]  In short, they take the position that all of Patterson's claims are untimely by virtue of the operative petition's filing date alone, and Patterson must show actual innocence, grounds for equitable tolling, or that his claims relate back to a prior timely filing.[17]  Patterson contends in his motion to strike or for more definite statement that respondents' vague and generalized assertion of this untimeliness defense has not given him fair notice of its contours with respect to any ground he asserts.[18]  So he asks the court to strike the untimeliness argument in the motion to dismiss and direct the respondents to provide a more definite statement of it.[19]

Respondents' argument that their blanket untimeliness objection is sufficient ignores the fact that the particularity with which an affirmative defense must be pled is different in a habeas case than in a standard civil-litigation matter.  Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts (the Habeas Rules) states, "The answer must address the allegations in the petition.  In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of

---

[15] Fed. R. Civ. P. 15(c).
[16] ECF No. 18 at 5–6.
[17] *Id.*
[18] ECF No. 28 at 5–6.
[19] *Id.*

limitations."[20]  Although this rule does not mention the specificity of response required in a motion to dismiss, until recently, it was a long-standing practice in this district for respondents to identify in such motions the particular grounds that they claimed did not relate back and to explain why.  Respondents do not indicate why this practice was abandoned here or why a lesser standard should apply when the defense is first asserted by motion to dismiss instead of by answer.  They offer a handful of cases in which trial courts have noted that the burden to prove relation back falls upon the habeas petitioner—a point that Patterson does not deny.  But in each of those cases, the respondents identified specific claims and the reasons they did not relate back; they did not merely point to the filing date as the reason for the untimeliness, as respondents do here.[21]

Respondents' vague timeliness challenge improperly evades the spirit, if not the letter, of the specificity requirement in Habeas Rule 5(b).  And it frustrates the judicial process by ensuring that the heart of the equitable-tolling or relation-back issues isn't reached until respondents' reply brief, depriving the petitioner of a fair opportunity to address it and leaving the court with an incomplete analysis.  To avoid this scenario, I grant the motion to strike and for a more definite statement, strike the untimeliness argument in the motion to dismiss and deny the remainder of that motion without prejudice to respondents' ability to reassert it in a renewed motion, and give the respondents until February 15, 2022, to either answer the second-amended petition or file a renewed motion to dismiss in which they specifically explain their untimeliness defense and any tolling or relation-back arguments on a claim-by-claim basis.

---

[20] Habeas Rule 5(b).

[21] *See Grant v. Reed*, 2013 WL 2147798 at *2 (M.D. Fla. May 16, 2013); *Moore v. Horel*, 2009 WL 2513920 at *6 (E.D. Cal. Aug. 17, 2009); *Ross v. Williams*, 950 F.3d 1160, 1165 (9th Cir. 2020) (en banc).

### B. Respondents' motions for leave to file under seal [ECF Nos. 26, 33]

In respondents' first motion for leave to file exhibits under seal, they ask to seal the pre-sentence investigation report, which contains confidential information. They also ask to seal a document submitted by the defense for consideration at sentencing, which contains confidential and sensitive information that should not be made part of the public record.[22] In their second motion for leave to file exhibits under seal, respondents ask to seal documents that contain either confidential medical information or confidential attorney work-product information.[23] In light of the nature of these documents, I find that compelling reasons exist to file them under seal,[24] so I grant respondents' motions to do so.

## III. Conclusion

IT IS THEREFORE ORDERED that:

- Respondents' motions for leave to file exhibits under seal **[ECF Nos. 26, 33] are GRANTED. The Clerk of Court is directed to maintain ECF Nos. 27 and 34 under seal**.

- Petitioner's motion to strike motion to dismiss **[ECF No. 28]** is GRANTED. The Clerk of the Court is directed to **STRIKE respondents' motion to dismiss and the exhibits thereto [ECF Nos. 18–25]**. Respondents have until February 15, 2022, to file an answer or a new motion to dismiss. The briefing schedule in the November 30, 2020, order [ECF No. 9] otherwise remains in effect.

_____
U.S. District Judge Jennifer A. Dorsey
December 15, 2021

---

[22] ECF No. 26.

[23] ECF No. 33.

[24] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).