UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| Jaysen Alexander Patterson,<br><br>　　　　　　　Petitioner<br>v.<br>Calvin Johnson, et al.,<br><br>　　　　　　　Respondents | Case No. 2:20-cv-01614-JAD-DJA<br><br>**Order Granting in Part Motion to Dismiss Second Amended Petition**<br><br>[ECF No. 36] |

　　　　Counseled Nevada prisoner Jaysen Patterson brings this habeas corpus action under 28 U.S.C. § 2254 to challenge his 2015 state-court convictions for arson and burglary. Patterson has filed a second-amended petition asserting three grounds for relief: (1) ineffective assistance of trial counsel during sentencing, (2) denial of due process through bias of sentencing judge, and (3) ineffective assistance of trial counsel by allowing references of juvenile history to remain in a confidential mental-health evaluation.[1] Respondents moved to dismiss the entire petition, vaguely arguing that it is untimely because it was filed after the one-year limitation period expired.[2] Patterson moved to strike the dismissal motion and for respondents to provide a more definite statement of their untimeliness defense.[3] I granted Patterson's motion and gave respondents until February 15, 2022, to file an answer or a new motion to dismiss stating their defense with sufficient particularity.[4]

　　　　Respondents timely filed a renewed motion to dismiss, arguing that Ground 1 is unexhausted and Grounds 1 and 2 should be dismissed as procedurally defaulted.[5] Respondents do not move to dismiss Ground 3.[6] Patterson admits in his response that Ground 1 is technically

---

[1] ECF No. 16 (the parties disagree whether Ground 1 should be split into four subgrounds, which an issue I need not and do not resolve in this order).

[2] ECF No. 18.

[3] ECF No. 28.

[4] ECF No. 35.

[5] ECF No. 36.

[6] *See id.*

exhausted and defaulted but argues that he can overcome the procedural default of that claim because his postconviction counsel was ineffective and the other three prongs of the *Martinez v. Ryan* analysis are met.[7] Patterson contends that Ground 2 is not procedurally defaulted because the Nevada Supreme Court did not provide an adequate procedural ground for denying that claim.[8]

The parties agree that whether Ground 1 is procedurally defaulted depends on whether it constitutes a substantial claim of ineffective assistance of trial counsel.[9] Because that question appears to be intertwined with the claims' merits, respondents ask me to defer ruling on it until I adjudicate the petition's merits. I agree and therefore defer the question of whether Ground 1 must be dismissed as procedurally defaulted until a decision on the petition's merits. I also find that the Nevada Supreme Court gave adequate state procedural grounds for denying the claim in Ground 2. So I grant the dismissal motion as to Ground 2, defer a decision as to Ground 1 until after the parties have answered and replied, and set a schedule for the parties to file their remaining pleadings.

## Discussion

### A. Ground 1

Patterson argues that Ground 1 is technically exhausted. A claim that has not been presented to the state court is technically exhausted if "it is clear that the state court would hold the claim procedurally barred."[10] The state procedural bars that would be implicated in this case are the one-year time bar[11] and the bar against second or successive petitions.[12] Both of these procedural bars allow for an excuse upon a showing of cause and prejudice or upon a showing of

---

[7] ECF No. 46.
[8] *Id.*
[9] ECF No. 51.
[10] *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (internal quotation omitted).
[11] Nev. Rev. Stat. § 34.726.
[12] *Id.* at § 34.810.

actual innocence. And the standards that the state courts apply are substantially the same as the standards that federal courts apply.[13]

Petitioners who claim technical exhaustion by procedural default are rarely able to establish cause and prejudice or actual innocence to excuse the default. On one hand, if a petitioner has a viable argument for cause and prejudice or actual innocence under the substantially similar state and federal standards, then the petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred,"[14] and the ground is not technically exhausted. On the other hand, if a petitioner has no arguments for cause and prejudice or actual innocence, then the ground is technically exhausted but also subject to dismissal as procedurally defaulted.

But when federal law recognizes a potential basis to excuse a procedural default and the Nevada state courts do not, then the petitioner can argue in federal court that a ground is technically exhausted and that an excuse for the procedural default exists. Ineffective-assistance-of-trial-counsel claims allow a petitioner to do that. The United States Supreme Court held in *Martinez v. Ryan* that ineffective assistance of state postconviction counsel, or the lack of counsel in state postconviction proceedings, possibly can excuse a procedurally defaulted claim of ineffective assistance of trial counsel.[15] A petitioner must demonstrate that (1) the claim of ineffective assistance of trial counsel is substantial; (2) ineffective assistance of post-conviction counsel (or lack of counsel) is the cause of the default; (3) the post-conviction proceedings were the initial review proceedings for the ineffective-assistance-of-trial-counsel claim; and (4) state law requires, or practically requires, that the claim be raised in the initial post-conviction proceedings.[16]

---

[13] *Compare Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004), *with Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006).
[14] *Sandgathe*, 314 F.3d at 376.
[15] *Martinez v. Ryan*, 566 U.S. 1 (2012).
[16] *Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

The Nevada Supreme Court has declined to recognize cause under *Martinez* as cause to overcome a state-law procedural bar.[17] So a Nevada habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

Patterson relies on *Martinez* to overcome a procedural default of Ground 1.[18] It doesn't appear from the current briefing that Patterson has other potentially viable bases for demonstrating cause and prejudice that might be recognized by the state courts, which would preclude a finding of technical exhaustion by procedural default for that claim. I find that a cause-and-prejudice analysis under *Martinez* for Ground 1 is appropriate here, but I'll wait to resolve it until after the parties have answered and replied, addressing the claims on their merits. That way, I will have the benefit of analyzing all of Patterson's claims against a fully developed factual and legal backdrop.

**B.     Ground 2**

In Ground 2, Patterson argues that he was denied due process because the state sentencing judge was biased against the charge of arson and anyone charged with that crime.[19] Patterson did not raise this claim in the direct appeal of his convictions that he filed in July 2015.[20] But he did raise it in his proper person postconviction state petition.[21] The state district court reached the merits of this claim, concluding that the record supports Patterson's argument and he should be given a new sentencing hearing.[22]

The Nevada Supreme Court reversed, finding that the state court erred in granting relief on the judicial-bias claim because it was procedurally defaulted—Patterson waived that claim

---

[17] *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).
[18] ECF No. 46 at 4–11.
[19] ECF No. 16 at 11–14.
[20] ECF No. 38-12.
[21] ECF No. 38-22 at 31–37.
[22] ECF No. 41-4 at 13.

"by pleading guilty and not raising it on direct appeal" and it "fell outside the limited scope of a postconviction habeas petition that challenges a judgment of conviction based on a guilty plea as set forth in NRS 34.810(1)(a)."[23] The Nevada Supreme Court also noted that the Nevada Court of Appeals, in rejecting Patterson's challenge to his sentence on direct appeal, concluded "that the sentencing judge had not closed her mind to the evidence" and "[t]hat decision is the law of the case on those matters."[24] Respondents move to dismiss Ground 2, arguing that claim was decided on an independent and adequate state procedural ground. Patterson responds that NRS 34.810(1)(a) is not adequate because it is not consistently applied and is subject to changing state authority.[25] He does not argue that any procedural default of Ground 2 should be excused.[26]

"For a state procedural rule to prevent federal review of federal claims, the state's rule must be both adequate and independent."[27] In the habeas context, the Supreme Court has held that it "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[28] "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."[29]

"In order for a state procedural rule to preclude federal review, the rule must be 'firmly established and regularly followed.'"[30] "The Ninth Circuit has elaborated that a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default."[31] "If a state procedural rule is not well-established before a petitioner supposedly

---

[23] ECF 43-15 at 2 (citing *Franklin v. State*, 877 P.2d 1058, 1059 (Nev. 1994)).

[24] *Id.* at 3 n.1 (citations omitted).

[25] ECF No. 46 at 11–14.

[26] *See id.*

[27] *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

[28] *Id.* at 1283–84 (quoting *Coleman*, 501 U.S. at 729).

[29] *Id.* at 1284 (quoting *Coleman*, 501 U.S. at 729–30).

[30] *Id.* (quoting *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991)).

[31] *Id.* (quotation omitted).

breaks the rule, then the rule cannot prevent federal review of the petitioner's federal claims."[32] "Although the state is not required to articulate every permutation of every rule, a rule held generally adequate can be deemed inadequate as applied to particular unique circumstances."[33] "Once a petitioner has demonstrated the inadequacy of a rule, the state bears the ultimate burden of proving the rule bars federal review."[34]

NRS 38.810(1)(a) requires the state district court to dismiss a habeas petition if "[t]he petitioner's conviction was upon a plea of guilty . . . and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that plea was entered without effective assistance of counsel." Patterson argues that NRS 34.810(1)(a) is not consistently applied because the Nevada Supreme Court recently ruled in *Gonzales v. State* that the statute "does not bar post-conviction challenges to sentencing claims following a guilty plea."[35] Respondents disagree, arguing that Patterson overreads *Gonzales*'s reach.[36] Respondents also argue that *Gonzales* cannot shift the initial burden about adequacy to them because it was decided six years after Patterson defaulted by failing to assert his judicial-bias claim in his direct appeal.[37]

Importantly, *Gonzales* does not concern a judicial-bias-at-sentencing claim. The central issue in *Gonzales* was whether NRS 34.810(1)(a) precludes an ineffective-assistance-of-sentencing-counsel claim.[38] It has long been the rule in Nevada that "challenges to the validity of a guilty plea and claims of ineffective assistance of trial and appellate counsel must be first pursued in post-state conviction proceedings in the district court."[39] But "all other claims that

---

[32] *Id.*

[33] *Id.* (quoting *Lee v. Kemna*, 534 U.S. 362, 376 (2002); *Bargas v. Burns*, 179 F.3d 1207, 1213 (9th Cir. 1999) (internal quotation omitted)).

[34] *Id.* (citing *Bennett v. Mueller*, 322 F.3d 573, 585–86 (9th Cir. 2003)).

[35] ECF No. 46 at 12 (emphasis omitted) (citing *Gonzales v. State*, 492 P.3d 556 (Nev. 2021)).

[36] ECF No. 51 at 3–6.

[37] *Id.* at 5 n.3 (citing *Bennett v. Mueller*, 322 F.3d 573, 585–87 (9th Cir. 2003)).

[38] *Gonzales*, 492 P.3d at 559.

[39] *Franklin v. State*, 877 P.2d 1058, 1059 (Nev. 1994), *disapproved on other grounds by Thomas v. State*, 979 P.2d 222 (Nev. 1999).

are appropriate for direct appeal must be pursued on direct appeal, or they will be considered waived in subsequent proceedings."[40] Included among the claims that will be considered waived if not raised in a direct appeal is "a claim that the district court entertained an actual bias or that there were other conditions that rendered the proceedings unfair."[41]

*Gonzales* does not alter this landscape. Indeed, writing for the full Nevada Supreme Court, Justice Stiglich summarized: "we explicitly hold today what has been implicit in our caselaw for decades."[42] "The core claims prohibited by NRS 34.810(1)(a) are 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea' that do not allege that the guilty plea was entered involuntarily or unknowingly or without effective assistance of counsel."[43] "Those claims are 'waived' by the guilty plea."[44] "But where a petitioner argues that he or she received ineffective assistance of counsel at sentencing, he or she could not have raised that claim before entering his or her plea."[45] And "[i]t would violate the spirit of our habeas statute and the public policy of this state to prohibit him or her from *ever* raising that claim in state court."[46]

In reaching this conclusion, the Court noted it has "recognized [that] claims that could have been raised on direct appeal, but were not, are waived in subsequent proceedings."[47] But it has also "entertained ineffective-assistance-of-counsel claims arising after the plea while rejecting other independent claims presented in the same petition as barred under NRS 34.810(1)(a), thus implicitly recognizing the limitations of the statute."[48] And considering NRS

---

[40] *Id.*

[41] *Id.*

[42] *Gonzales*, 492 P.3d at 562.

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.* at 560 (citing *Franklin*, 877 P.2d at 1059).

[48] *Id.* at 561–62 (citing *Toston v. State*, 267 P.3d 795, 800–01 (Nev. 2011) (explaining claims that the prosecutor committed misconduct and the district court abused its discretion "are outside the scope of claims that may be raised in a post-conviction habeas petition challenging a conviction that is based on a guilty plea")).

Chapter 34 as a whole, the Court explained, "it is clear that the Legislature meant to provide *one* remedy, not more, and thus barred petitioners from raising most claims that were or should have been raised earlier."[49]

*Gonzales* doesn't state that all sentencing claims can now be raised in a postconviction petition. It simply makes clear that NRS 34.810(1)(a) "preclude[s] wasteful litigation of certain *pre-plea* violations,"[50] and it preserves the Legislature's intention to provide one remedy by explicitly stating that ineffective-assistance-at-sentencing claims can be brought in postconviction petitions. Respondents point out in their reply that the Nevada Supreme Court determined that Patterson's judicial-bias claim was waived because he pled guilty and did not raise it on direct appeal. *Gonzales* explicitly acknowledged that procedural bar and did not alter it. So I do not find that *Gonzales* raises a genuine question whether the procedural bars that the Nevada Supreme Court applied to preclude Patterson's judicial-bias claim are inadequate, and I grant the dismissal motion as to Ground 2.

## Conclusion

IT IS THEREFORE ORDERED that respondents' Renewed Motion to Dismiss Second Amended Petition for Writ of Habeas Corpus **[ECF No. 36] is GRANTED IN PART**:

- Ground 1 is actually unexhausted but technically exhausted because it would be procedurally barred by the state courts. But a decision on whether Patterson can demonstrate cause and prejudice under *Martinez* is DEFERRED until after the parties have answered and replied; and
- Ground 2 is dismissed as procedurally barred.

IT IS FURTHER ORDERED that **respondents have until September 26, 2022, to file and serve an answer** to Patterson's remaining grounds for relief: 1 and 3. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, including whether Ground 1 is barred by procedural default under federal law. The answer must

---

[49] *Id.* at 560 (citing Nev. Rev. Stat. § 34.810(2); *Harris v. State*, 329 P.3d 619 (Nev. 2014)).
[50] *Id.* at 561.

also comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Petitioner Patterson will then have 30 days following service of respondents' answer to file a reply.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　U.S. District Judge Jennifer A. Dorsey
　　　　　　　　　　　　　　　　　　　Dated: August 23, 2022